**SONY ELECTRONICS, INC.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 02–1485.**

United States Court of Appeals,
Federal Circuit.

Sept. 1, 2004.

---

**1338**

Thomas C. Goldstein, Goldstein & Howe, P.C., of Washington, DC, argued for plaintiff-appellant. On the brief were John J. Galvin, Galvin & Mlawski, of New York, New York, Laurence H. Tribe, and Charles Fried, of Cambridge, Massachusetts.

Jonathan S. Lawlor, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. On the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Jeanne E. Davidson, Deputy Director; Todd M. Hughes, Assistant Director; and Paul G. Freeborne, Trial Attorney.

Before MICHEL, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

In 1998, the Supreme Court affirmed our court's holding that the Harbor Maintenance Tax ("HMT") was unconstitutional as applied to exports. *United States v. U.S. Shoe Corp.*, 523 U.S. 360, 118 S.Ct. 1290, 140 L.Ed.2d 453 (1998), *aff'g U.S. Shoe Corp. v. United States*, 114 F.3d 1564 (Fed.Cir.1997). In *International Business Machines Corp. v. United States*, 201 F.3d 1367 (Fed.Cir.2000) ("*IBM*"), *reh'g en banc denied* (Fed.Cir. May 31, 2000), *cert. denied*, 531 U.S. 1183, 121 S.Ct. 1167, 148 L.Ed.2d 1025 (2001), our court held that prejudgment interest[1] was unavailable on refunds of export HMT, as Congress had not waived the federal government's sovereign immunity by expressly consenting to such interest. We reaffirmed this holding in *U.S. Shoe Corp. v. United States*, 296 F.3d 1378 (Fed.Cir.2002) ("*U.S.Shoe*"), *reh'g en banc denied* (Fed.Cir. Oct. 22, 2002), *cert. denied*, 538 U.S. 1056, 123 S.Ct. 2214, 155 L.Ed.2d 1105 (2003). In the instant case, plaintiff Sony Electronics, Inc. nonetheless sought prejudgment interest on an export HMT refund. The United States Court of International Trade granted summary judgment to the defendant United States, holding that Sony had no right to prejudgment interest. *Sony Elecs., Inc. v. United States*, No. 98-07-02438 (Ct. Int'l Trade Dec. 11, 2001). Sony timely appealed to our court, which has jurisdiction under 28 U.S.C. § 1295(a)(5).[2]

---

1. By "prejudgment interest" we mean interest accruing from the date of an HMT tax payment to the date of an administrative or judicial judgment allowing a refund of this payment.

2. Shortly after filing its appeal, Sony filed a motion for stay of further proceedings. The motion was granted, and the proceedings were stayed. On July 15, 2003, Sony filed a proposal for further proceedings of its appeal, which led to the lifting of the stay. On October 10, 2003, Sony petitioned for initial *en banc* hearing. On October 24, 2003, at the request of the court, the defendant United States submitted a response. On November

On appeal, Sony has candidly acknowledged that our court's earlier decisions—which bind this panel, *see Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir.1988)—doom Sony's claim for prejudgment interest on its export HMT refund. Indeed, stating that its "argument is squarely precluded by [the] panel ruling in [*IBM*] such that proceedings before a panel would be futile," Sony petitioned for initial *en banc* hearing of this appeal, to allow for reconsideration of the holdings in *IBM* and *U.S. Shoe*. Sony argued that these holdings were incorrect and that the issue was of "exceptional importance" meriting *en banc* treatment. Sony's petition was denied by the full court, and thereafter the case was assigned to this panel.

■ Sony asks the panel to urge the full court to take this appeal *en banc* to reconsider the *IBM* and *U.S. Shoe* holdings. Such *en banc* referrals are made only when a panel is persuaded that a case merits *en banc* treatment.[3] The panel's inquiry begins with Federal Rule of Appellate Procedure 35, which states in pertinent part:

> An en banc hearing or rehearing is not favored and ordinarily will not be ordered unless:
>
> (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or
>
> (2) the proceeding involves a question of exceptional importance.[4]

Here, Sony has relied solely on the existence of a "question of exceptional importance" as justification for *en banc* review.

■ The panel has not been persuaded that the availability of prejudgment interest on an HMT export refund is a question of exceptional importance. First, the number of cases in which this issue could arise is finite and diminishing, as the federal government has not collected the HMT on exports since the Supreme Court's 1998 decision holding unconstitutional the export HMT. No new case for refund of export HMT has accrued in over five years, and no new cases will accrue in the future. Second, looking backward, the life span of the HMT on exports was relatively short: It was born in 1986, when Congress enacted the HMT as part of the Water Resources Development Act of 1986, 26 U.S.C. §§ 4461–4462, and was finally laid to rest by the Supreme Court in 1998. The short life span of the HMT on exports further cabins the import of the availability of prejudgment interest on export HMT refunds. Third, while Sony avers that, in monetary terms, the amount of cumulative prejudgment interest on export HMT refunds would be on the order of hundreds of millions of dollars, this cumulative figure would be spread across what Sony estimates to be thousands of pending refund claims. Sony has made no showing that the amounts are compelling when considered on a per-claim basis.

We must be mindful that our full court has already thrice deemed this very issue not sufficiently important to merit *en banc*

---

6, 2003, the full court denied Sony's petition for initial *en banc* hearing. The court assigned the case to the instant panel. Briefing was completed on January 22, 2004, and the panel heard argument on June 7, 2004.

**3.** A panel referral alone does not trigger *en banc* reconsideration of prior precedent. A majority of the active judges in our court then must vote to hear the case *en banc*. *See* Fed. R.App. P. 35.

**4.** As the rule states, one (or both) of the two articulated grounds is "ordinarily" the justification for taking a case *en banc*. These two grounds are not, however, exclusive, and our court will take a case *en banc* for any appropriate reason.

treatment: The full court denied motions for *en banc* rehearing after both our *IBM* and *U.S. Shoe* decisions, and the full court denied Sony's petition for initial *en banc* hearing in the instant appeal. Moreover, we note that the Supreme Court twice decided against issuing a writ of *certiorari* to address the availability of prejudgment interest on export HMT refunds, denying the *certiorari* petitions filed after our *IBM* and *U.S. Shoe* decisions. The denial of these petitions suggests that the Supreme Court was not persuaded that the petitions presented "an important question of federal law." *See* S.Ct. R. 10 (stating that whether a "state court or a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by this Court, or has decided an important federal question in a way that conflicts with relevant decisions of this Court" is among the factors that "although neither controlling nor fully measuring the Court's discretion, indicate the character of the reasons the Court considers" in evaluating a petition for *certiorari*).

For all of these reasons, we do not refer this case to the full court for an *en banc* poll, and, as it must be under the holdings in *IBM* and *U.S. Shoe,* the judgment of the Court of International Trade is

*AFFIRMED.*